# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:25-CV-00365-FDW-DCK

| | |
|---|---|
| **DAIN ENNALS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **AEROTEK,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff Dain Ennals's ("Plaintiff") Motion for Entry of Default. (Doc. No. 5.) For the reasons outlined below, Plaintiff's Motion for Entry of Default is **DENIED WITHOUT PREJUDICE**.

Plaintiff, who is proceeding *pro se*, filed the Complaint in this matter on May 30, 2025. (Doc. No. 1.) The same day, summonses were issued conventionally as to Defendant Aerotek ("Defendant"). (Doc. No. 2.) Plaintiff filed Proof of Service on July 9, 2025, in which he stated:

> The summons and complaint were served on Aerotek by the US Postal Service via *Certified Mail/Return Receipt* and via email to jnelson@allegisgroup.com. The signed return-receipt and/or delivery tracking confirmation is attached as proof of service on named defendant.

(Doc. No. 3.) Defendant's deadline to answer or otherwise respond was July 28, 2025. (Docket Entry, July 21, 2025.) On August 7, 2025, Plaintiff filed the present Motion for Entry of Default. (Doc. No. 5.) Plaintiff states that Defendant "was served the summons and complaint regarding this matter on July 7 2025, delivered by US Postal Service via Certified Mail with Return Receipt at 12:30pm at *3600 Arco Corporate Dr. Suite 600 Charlotte NC 28273, the* defendant's known address." (Id.) Plaintiff also stated that Defendant did not respond by the July 28, 2025, deadline. (Id.)

In support of the Motion, Plaintiff also filed the USPS Tracking information and USPS Certified Mail Receipt, which indicate that Plaintiff mailed documents via Certified Mail to Defendant at: 3600 Arco Corporate Drive, Suite 600, Charlotte, NC 28273. (Doc. No. 5-1.) The USPS Tracking information shows that the mailing was delivered and left with an individual on July 7, 2025, at 12:30 p.m. (Id.)

However, Plaintiff did not provide any additional information. Defendant has not yet answered, appeared, or otherwise responded to Plaintiff's Complaint. Thus, this Court must determine whether entry of default against Defendant is proper.

Federal Rule of Civil Procedure 55 establishes a two-step process. First, Rule 55(a) provides that a clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Then, once the clerk enters default, the party may then seek a default judgment pursuant to Rule 55(b). Fed. R. Civ. P. 55(b). Entry of a default judgment under Rule 55(b) is appropriate "when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). "[T]o obtain a default judgment [pursuant to Rule 55(b)], a party must first seek an entry of default under Federal Rule of Civil Procedure 55(a)." Am. Auto. Ass'n v. J & T Body Shop, Inc., No. 3:10-cv-189-RJC-DCK, 2011 WL 5169399, at *1 (W.D.N.C. Oct. 31, 2011) (quoting Cameron v. MTD Prods., Inc., No. 5:03-cv-75, 2004 WL 3256003, at *2 (N.D.W.Va. Jan. 7, 2004); accord Eagle Fire, Inc. v. Eagle Integrated Controls, Inc., No. 3:06-cv-264, WL 1720681, at *5 (E.D.Va. June 20, 2006) ("The entry of default is a procedural prerequisite to the entry of a default judgment.").

Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure establishes that "[a] defendant must serve an answer[] within 21 days after being served with the summons and complaint." Rule

55(a) further provides: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Nonetheless, before entering default against a defendant, a court must assure itself that the defendant has been properly served. See Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984) (vacating a default judgment where service of process was insufficient); see also Cent. Operating Co. v. Util. Workers of Am., AFL-CIO, 491 F.2d 245, 249 (4th Cir. 1974) ("It is axiomatic that a federal court cannot acquire *in personam* jurisdiction over a defendant who does not voluntarily appear unless he is served with process in a manner authorized by federal statute or rule."). Thus, the party seeking entry of default must produce sufficient evidence to demonstrate not only that the adverse party has failed to respond, but also that they were properly served.

Here, Defendant has failed to respond or appear in any way. Thus, the issue before this Court is whether Plaintiff has properly served Defendant pursuant to the Federal Rules of Civil Procedure, which turns first on whether the method of service was proper, and second on whether the proof of service is sufficient. However, as outlined below, the Court finds that neither the method nor the proof of service is sufficient.

First, the method of service does not comply with the Federal Rules of Civil Procedure. Rule 4 provides, in relevant part, that "[a]ny person who is at least 18 years old and *not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). Thus, a plaintiff—even one proceeding *pro se*—may not effectuate service himself by sending a copy of the summons and complaint through certified mail. Norton v. Columbus Cnty. Bd. of Elections, 493 F. Supp. 3d 450, 458 (E.D.N.C. 2020), aff'd, 834 F. App'x 54 (4th Cir. 2021) (quoting Constien v. United States, 628 F.3d 1207, 1213 (10th Cir. 2010)) ("Therefore, '[e]ven when service is effected by use

of the mail, only a nonparty can place the summons and complaint in the mail.'"); see also Reading v. United States, 506 F. Supp. 2d 13, 19 (D.D.C. 2007); Wilson v. Suntrust Bank, Inc., No. 3:10-CV-573-FDW-DCK, 2011 WL 1706763, at *1 (W.D.N.C. May 4, 2011). Here, it appears that Plaintiff—a party to this action—mailed the summons and complaint to Defendant himself, and as a result, service was defective under Rule 4(c)(2).

Second, the proof of service was insufficient. Rule 4 provides:

> (h) Serving a Corporation, Partnership, or Association.  Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> (1) in a judicial district of the United States:
>     (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>     (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h). To prove service, Rule 4(l) establishes:

> (l) Proving Service.
>     (1) Affidavit Required.  Unless service is waived, proof of service must be made to the court.  Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.

Fed. R. Civ. P. 4(l).

Here, although Plaintiff filed a document titled "Proof of Service," he did not file an affidavit from an appropriate server. (Doc. No. 5.) The exceptions to Rule 4(l) also do not apply, as service was not waived or made by a United States marshal or deputy marshal. Accordingly, Plaintiff has failed to properly serve Defendant pursuant to the Federal Rules of Civil Procedure. Thus, because Plaintiff has failed to properly serve Defendant, he is not entitled to entry of default

pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. See Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Entry of Default, (Doc. No. 5), is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff must serve Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure <u>within thirty (30) days of entry of this Order</u> to avoid the dismissal of his Complaint. Fed. R. Civ. P. 4(a), (c), (e), (l), (m).[1]

**IT IS SO ORDERED.**

Signed: November 19, 2025

Frank D. Whitney
Senior United States District Judge

---

[1] Rule 4(m) provides: "**Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis in original). Because Plaintiff filed the Complaint in this matter on May 4, 2023, the deadline for proper service expired on August 2, 2023. However, in light of Plaintiff's *pro se* status, the Court will permit additional time in which to properly serve Defendants.